UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN F. BROWN, | ) | CASE NO. 1: 12 CV 1496 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVELCENTERS OF AMERICA, LLC, et al., | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court upon Defendants' Motion for Summary Judgment (ECF #44). Plaintiff filed an Opposition to the motion and Defendants filed a Reply. (ECF #53, 56). The Court has thoroughly considered the entire record before it and, applying the appropriate standard of review, finds that Defendants' Motion should be DENIED.

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. It is with these standards in mind that the instant Motion must be decided.

Defendants argue that Mr. Brown cannot establish sufficient evidence to make a prima

facie showing of interference and/or retaliation under the Family Medical Leave Act ("FMLA") because he never properly notified his employer of his intent to seek FMLA covered leave.  In addition, although for purposes of their current motion Defendants do not dispute that Mr. Brown could make a prima facie showing of age and disability discrimination, they argue that there is insufficient evidence to show that their alleged legitimate, non-discriminatory/retaliatory reason for terminating his employment was pre-textual.   Finally, Defendants contend that Mr. Brown's public policy claim under Ohio Rev. Code § 4123.90, in so far as it is based on an allegation that he was terminated in retaliation for filing a worker's compensation claim, is not actionable because he waited an "unreasonable" amount of time after his injury before filing for worker's compensation.

Contrary to Defendants' contention, Mr. Brown did not limit his FMLA claims to redress for his intended future need for FMLA in 2012 for possible shoulder surgery.  Mr. Brown testified that he had taken FMLA leave in February of 2011 for shoulder surgery.  (ECF #53, Ex. 12).  He also testified that when he inquired about taking FMLA time, he was discouraged from using FMLA.  (ECF #53).  Later in 2011, Mr. Brown required additional surgery.[1]  He testified that his employer told him he should not have two surgeries so close together, and that he was put on disability rather than filling out FMLA paperwork, because his employer had indicated this was their preference.  (ECF #53).  In December of 2011, Mr. Brown informed his employer that he would need more surgery, which would be a follow up to the shoulder surgery previously approved for FMLA leave in February of 2011, and that he may be needing additional leave.  In

---

[1] The facts recited below are adopted as true for purposes of this summary judgment opinion only.  In keeping with the summary judgment standard, all evidence is construed in the light most favorable to the non-moving party, in this case the Plaintiff.

January of 2012, he was terminated.   Mr. Brown claims that his termination was due, at least in part to his expressed need for future FMLA leave.  He also contends that his employer interfered with his FMLA rights by actively discouraging him from applying for FMLA leave when he was otherwise qualified to take such leave.    Under the FMLA an employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the Act. *Arban v. west Publ'g Corp.*, 345 F.3d 390, 400-401 (6th Cir. 2003), *citing* 29 U.S.C. § 2614(a)(1) and 29 U.S.C. § 2615(a)(1).  Further, an employer may not "use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions."  *Id*.; see also, *Bryant v. Dollar Gen. Corp*., 538 F.3d 394, 399 (6th Cir. 2008).   "If an employer takes an employment action base, in whole or in part, on the fact that the employee took FMLA-protected leave, the employer has denied the employee a benefit to which he is entitled." *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 447 (6th Cir. 2007).  Further, termination, or other adverse employment action that is taken against an employee, based on *seeking* or taking FMLA leave violates the interference and retaliation provisions of the FMLA.  *Chandler v. Specialty Tires of Am. (Tenn.), Inc*., 283 F.3d 818 (6th Cir. 2002).

     The parties have not disputed that Mr. Brown was eligible for FMLA, that he was entitled to FMLA if he were to request it, or that TravelCenters was subject to the FMLA requirements.  There is evidence that Mr. Brown both took FMLA time in 2011, and indicated his intention to take additional leave in early 2012.  Although Mr. Brown did not give specific notice of when or how long he would leave need leave prior to his termination, he has not raised a claim for denial of FMLA approval.  Rather, he claims that his rights were interfered with and that his termination was in retaliation for his past and indicated future need for FMLA leave.

3

There need not be a denial of a formalized FMLA request in order for Mr. Brown to recover for interference with his FMLA rights, or for retaliation based on a request to take future FMLA leave.  Once an employer is on notice that an employee will need FMLA leave, the employer cannot escape liability for interference or retaliation claims by terminating an employee before they can formalize a specific FMLA request or schedule the needed procedures.

     Mr. Brown has also submitted evidence (the majority of which is not disputed) that shows he was subject to potentially adverse employment actions and termination.  Although TravelCenters claims that the claimed "adverse employment actions" were actually not adverse, and were, in fact, requested accommodations for Mr. Brown's medical condition, Mr. Brown has submitted sufficient contrary evidence to create a material question of fact on this issue.  Therefore, summary judgment for the Defendant is not warranted on the question of whether Mr. Brown can establish a prima facie case of FMLA interference or retaliation.

     For purposes of this motion, Defendant has not challenged Mr. Brown's ability to produce evidence that would support a prima facie case of age and disability discrimination.  Instead they have focused on their perception that he cannot rebut their proffered non-discriminatory reason for his termination.  Mr. Brown, however, has presented ample evidence to create a material question of fact as to whether the proffered non-discriminatory reason for his termination was pretextual.  He has offered testimony not only from himself, but from third parties, that contradicts or undercuts some of the evidence presented by Defendant suggesting that Mr. Brown was terminated for a rule violation.  Under these circumstances, a jury should make the determination on the issue of pretext after both sides have had a full opportunity to present their evidence at trial.

Finally, both sides have raised evidence that if raised and developed at trial could support a verdict in their favor on the issue of Mr. Brown's public policy claim under Ohio Rev. Code § 4123.90.  Although Defendant argues that the claim was invalid because Mr. Brown waited an "unreasonable" amount of time after his injury before filing for worker's compensation, Mr. Brown has submitted some evidence that could be considered in support of his claim that his filing was reasonable and was delayed because of acts or representations made by Defendant.

Therefore, based upon a thorough review of the briefs submitted by the parties, as well as the materials submitted in support thereof, the Court finds that Mr. Brown has presented some evidence that could support a prima facie case of age and disability discrimination, and that there is at least some evidence to rebut the Defendants' alleged legitimate non-discriminatory reasons for his discharge.  Further, the Defendants have not presented sufficient evidence or legal arguments to preclude the possibility that Mr. Brown may be able to establish a claim for FMLA interference and/or retaliation at trial, as well as a claim for public policy violation under Ohio law.  Therefore, genuine issues of material fact exist which make summary judgment inappropriate in this case.  Accordingly, Defendants' Motion for Summary Judgment(ECF # 44) is DENIED.  This case remains set for jury trial at 8:30 a.m. on January 20, 2014.  A status conference is scheduled for December 5, 2013 at 10:30 a.m. to address any remaining pre-trial issues.  IT IS SO ORDERED.

    /s/ Donald C. Nugent  
    DONALD C. NUGENT  
    United States District Judge

DATED:   November 25, 2013